# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

LESLIE SAPIENZA,                          :
                                          :
                 Plaintiff,               :
                                          :
        v.                                :      Civ. No. 14-974-LPS
                                          :
RONALD S. CASTELLON,                      :
20/20 FINANCIAL SERVICES, INC.,           :
20/20 FINANCIAL SERVICES, LLC,            :
CREDITINVEST, LLC,                        :
ABC CORP., XYZ, LLC,                      :
their successors and assigns,             :
                                          :
                 Defendants.              :

---

Daniel C. Herr, THE NORMAN LAW FIRM, Wilmington, DE

Mark S. Guralnick, THE LAW OFFICES OF MARK S. GURALNICK, Cherry Hill, NJ

     Attorneys for Plaintiff Leslie Sapienza.


Kevin Fasic and Katherine R. Witherspoon, COOCH AND TAYLOR, Wilmington, DE

     Attorneys for Defendant Ronald A. Castellon.


## MEMORANDUM OPINION


March 28, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.     BACKGROUND

Plaintiff Leslie Sapienza is a former employee of Defendant 20/20 Financial Services,

Inc. ("20/20"), in Dover, Delaware.  (D.I. 12 at ¶¶ 6–7)  Defendant Ronald Castellon, the

company's owner, was her supervisor.  (D.I. 12 ¶ 25)  Sapienza alleges that, while she worked at

20/20, Castellon made lewd comments and sexual displays and pressured her to engage in sexual

activities with him.  (D.I. 12 at ¶¶ 26, 28)  Although she did not welcome Castellon's advances,

Sapienza understood from Castellon that she was required to cooperate if she wanted to keep her

job and to continue to advance her career.  (D.I. 12 at ¶¶ 26–31)

Sapienza left her job at 20/20 in December 2008.  (D.I. 3-1 at 4)  She hired a lawyer.

(D.I. 3-1 at 5)  In July 2009, with the assistance of her lawyer, she filed a claim with the U.S.

Equal Employment Opportunities Commission ("EEOC"), alleging that 20/20 violated her rights

under both Title VII, 42 U.S.C. § 2000e, and the Americans with Disabilities Act, 24 U.S.C.

§ 12111-17.  (D.I. 12 at ¶ 22; D.I. 3-2 at 3-4)

On February 28, 2011, the EEOC dismissed Sapienza's claim.  (D.I. 3-2 at 5)  Sapienza

states that, by that time, she was "unrepresented" by counsel and was "proceeding pro se."[1]  (D.I.

15-1 at 7)  She acknowledges, however, that she received a "Right to Sue Letter" from the

EEOC.  (D.I. 3-2 at 5)  This letter explained that, if Sapienza wished to file a lawsuit based on

the incidents of harassment and discrimination described in her EEOC complaint, she was

required to do so within 90 days.  (D.I. 3-2 at 5)

---

[1]Although Sapienza's former lawyer did not formally withdraw from representing
Sapienza until May 2012, Sapienza states that the lawyer was "clearly no longer representing"
her for a "considerable period of time" before he withdrew.  (D.I. 15-1 at 10)

More than three years later, on July 24, 2014, Sapienza filed this lawsuit. (*See* D.I. 1 at 1) Her complaint alleges intentional infliction of emotional distress, as well as sex and disability discrimination, in violation of federal and state statutes. It names Castellon, 20/20, and other related business entities as Defendants.

Castellon has moved to dismiss Sapienza's complaint on the basis that all of her claims are barred by statutes of limitation. (D.I. 13)[2] In response, Sapienza acknowledges that she missed the deadline to file some of her claims, but asks the Court to apply the doctrine of equitable tolling to allow her case to proceed. (D.I. 3 at 2; D.I. 3-1 at 6-9) She argues that tolling is appropriate because she was incapacitated by poor mental health during the limitations period. (D.I. 3-1 at 7-8) She further contends that: "only now, following an extensive course of therapy and the passage of time" does she "appreciate[], to a limited extent, her legal rights," adding that she now has the ability to work with her new lawyer. (D.I. 3-1 at 6) Castellon responds that Sapienza's condition does not warrant equitable tolling. (D.I. 17 at 6) He further argues that the Court must dismiss Sapienza's discrimination claims against him – even without the statute of limitations problems – because the federal and state laws under which Sapienza is proceeding do not provide a cause of action against individuals. (D.I. 13-1 at 7-9)

## II.    LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372

---

[2]In response to Castellon's April 30, 2015 motion to dismiss (D.I. 11), Sapienza on May 21, 2015 filed a first amended complaint (D.I. 12). On June 10, 2015, Castellon moved to dismiss the first amended complaint. (D.I. 13) The Court will deny Castellon's first motion to dismiss as moot.

F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F,3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiffs claim." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III.    DISCUSSION

In her operative amended complaint, Sapienza asserts six claims: (1) sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e; (2) disability discrimination under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 24 U.S.C. § 12111–17; (3) sex discrimination under the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 710–19A.; (4) disability discrimination under the Delaware Employment Protections Act ("DEPA"), 19 Del. C. § 720–28; (5) retaliation in violation of Title VII, the ADA, the DDEA, and the DEPA; and (6) intentional infliction of emotional distress.  (D.I. 12 at ¶¶ 38–72)

In his motion to dismiss the amended complaint, Castellon argues that statutes of limitations bar all of Sapienza's claims.  (D.I. 13-1)  He also argues that the Court must dismiss each of her discrimination and retaliation claims against him in his individual capacity because neither federal nor state law provides a cause of action against individuals.  (D.I. 13-1 at 11-13)

#### A.    Timeliness of Claims

##### 1.    Statute of Limitations

###### a.    Federal Discrimination and Retaliation Claims

Counts I, II, and V of Sapienza's amended complaint allege unlawful discrimination and retaliation under Title VII and the ADA.  Under both statutes, a complainant is required to file a discrimination claim in federal district court within 90 days of receiving a Right to Sue Letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  Sapienza admits having received a Right to Sue letter in 2011, and the record shows that she filed her federal discrimination and retaliation claims in July 2014, far more than 90 days after receiving the letter.  (D.I. 3-1 at 7; D.I. 3-2 at 5;

4

D.I. 1 at 2)  Therefore, Sapienza failed to file her Title VII and ADA claims within the

limitations period.

### b.    State Discrimination and Retaliation Claims

Counts III, IV, and V allege unlawful discrimination and retaliation under DDEA and

DEPA.  A party who opts to join DDEA or DEPA claims with federal claims in federal district

court must do so within 90 days of receiving either a Federal Right to Sue Notice or a Right to

Sue Notice from the Delaware Department of Labor ("DDOL"), whichever is later.  19 Del. C.

§§ 714(b), 727(a).  As with her federal claims, Sapienza admits that she did not file her

complaint within 90 days of receiving her Federal Right to Sue letter.  However, it is unclear

from the record whether or when Sapienza received a Right to Sue Notice from the Delaware

Department of Labor.  Thus, it is possible that she received a Right to Sue Notice from DDOL

long after she received her Federal Right to Sue Notice (i.e., after April 24, 2014) and that she

filed her state discrimination and retaliation claims within 90 days of receiving that notice from

DDOL.  Therefore, the Court will not dismiss the state discrimination and retaliation claims as

untimely.

### c.    Intentional Infliction of Emotional Distress Claim

Count VI of Sapienza's complaint alleges intentional infliction of emotional distress.  In

Delaware, a party must bring such a claim within two years of the date of injury.  *See* 10 Del. C.

§ 8119.  Sapienza alleges that she suffered emotional distress as a result of incidents that

occurred before she left her job at 20/20 in December 2008.  (D.I. 12 at ¶¶ 69–72N)  Because

Sapienza did not file her lawsuit until 2014, Sapienza failed to file her emotional distress claim

within the limitations period.

2.      **Equitable Tolling**

While Sapienza acknowledges that she missed the filing deadlines for her Title VII,

ADA, and emotional distress claims, she urges the Court to apply the doctrine of equitable tolling

and allow her to proceed with all of these claims as part of her case.  (D.I. 3-1 at 7-9; D.I. 15-1 at

11-12)  A court may apply equitable tolling to allow a plaintiff to sue after the expiration of a

statute of limitations if its rigid application would be inequitable.[3]  *See Miller v. New Jersey State*

*Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998).   For example, the Supreme Court has

noted that the rigid application of a statute of limitations might be unfair if a Title VII plaintiff

does not receive an EEOC Right to Sue letter, and so is unaware of the filing deadline for her

claim.  *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).  The Third

Circuit has also listed circumstances in which it might be appropriate to allow equitable tolling,

such as when a defendant actively misleads a plaintiff; a plaintiff timely asserts his rights in the

wrong forum; or a plaintiff is in some other "extraordinary way" prevented from asserting rights.

*See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

These authorities, however, do not permit this Court to disregard "[p]rocedural

requirements established by Congress for gaining access to the federal courts . . . out of a vague

sympathy for particular litigants."  *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240

(3d Cir. 1999) (citing *Baldwin*, 466 U.S. at 152).  The Third Circuit has emphasized the

importance of adhering to the EEOC's 90-day filing period in Title VII cases, holding that, "in

---

[3]The 90-day time limit in which a plaintiff must file a Title VII action is akin to a statute
of limitations, and is therefore subject to tolling.  *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*,
455 U.S. 385, 393 (1982); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 238-40 (3d
Cir. 1999).

the absence of a recognized equitable consideration, [a] court cannot extend the limitations period by even one day." *Id*. Hence, the Court approaches the doctrine of equitable tolling "with caution, so as to guard against possible misuse." *Seitzinger*, 165 F.3d at 240.

Sapienza alleges that she was unable to bring her claims to court earlier because of mental illnesses that arose during her time at 20/20 and continued after her employment there ended. (D.I. 3-1 at 7-8) She argues that this illness, in combination with her then *pro se* status, prevented her from asserting her rights.

In the Third Circuit, "[m]ental incompetence is not a per se cause for equitable tolling." *Champney v. Sec'y Pennsylvania Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012) (citing *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)). Rather, for tolling to be appropriate, a plaintiff's "alleged mental incompetence must somehow have affected the [plaintiff's] ability to file" a timely action. *Champney*, 469 F. App'x at 117. Courts in the Third Circuit consider the totality of the circumstances to determine whether mental illness or incompetence meets this requirement. *See id*. Factors that may weigh in favor of equitable tolling include an adjudication of incompetence; institutionalization; and extrinsic evidence, such as mental evaluations or medical records that demonstrate the severity of a plaintiff's condition. *See id*. at 118.

Sapienza has submitted a mental health evaluation from her psychologist, stating that she suffers from major depression, generalized anxiety disorder, and post-traumatic stress disorder. (D.I. 3-2 at 6) The evaluation explains that, beginning while she worked at 20/20 and continuing at least until May 2014, her symptoms would "very likely . . . have interfered with her ability to work effectively" with counsel. (*Id*. at 11) In addition, during this period Sapienza was unable to "appreciate the importance of deadlines." (*Id*. at 7)

Even viewing these facts in the light most favorable to Sapienza, the Court finds that she has not alleged that she suffered from a mental health condition that is sufficiently "extraordinary" to warrant equitable tolling of a statute of limitations. While her mental health report explains that her symptoms contributed to her failure to file her lawsuit on time, it does not suggest that her condition rendered her incapable of filing her claim. In fact, the report supports the opposite conclusion. Sapienza's psychologist stated that Sapienza has consistently suffered from mental health issues since she worked at 20/20. It is undisputed, however, that sometime after her symptoms began, Sapienza hired an attorney, who assisted her in filing her EEOC claim. Nothing in the record suggests that her condition later deteriorated, making her unable to work with her lawyer to pursue a civil action. To the contrary, Sapienza hired her current attorney and sought therapy for her conditions more than a year before filing this lawsuit. (D.I. 3-2 at 7 (Psychological Report of Dr. Robert L. Tanenbaum, noting that Sapienza's current attorney referred her for evaluation by July 2013)) From all this the Court concludes that Sapienza was able to participate in the activities required to file a legal claim, such as seeking counsel and communicating the details of her situation. *See Champney*, 469 F. App'x at 117; *see also* D.I. 13-1 at 9 (Castellon summarizing: "Under the circumstances, where Plaintiff was able to work for at least 7 months, hire counsel and work with him until May 2012, timely file an EEOC charge, complete complex social security disability paperwork, file a lawsuit against 20/20 Financial Services, Inc., hire another attorney, and attend multiple meetings with a psychologist hired by her attorneys beginning over a year before she filed her Complaint, the Court should not equitably toll the 90 day statute of limitations.").

Sapienza's pro se status does not alter this analysis.  In the Third Circuit, pro se status does not necessarily justify tolling, even in combination with "mental incompetence . . . rising to the level of insanity." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (holding that depression, in combination with pro se status, was not sufficient basis for equitable tolling).

The Court concludes that Sapienza has not alleged facts to support a finding that equitable tolling applies in this case.  Accordingly, Sapienza's federal discrimination and retaliation claims, as well as her claim for intentional infliction of emotional distress, were untimely and must be dismissed.

### B.    Claims That Cannot Be Brought Against Individuals

As the Court has not concluded that Sapienza's state discrimination and retaliation claims must be dismissed as untimely, the Court must next consider Castellon's additional basis for seeking dismissal: that the DDEA and DEPA do not provide a cause of action against individuals.  Neither the Delaware courts nor the Third Circuit have addressed this issue.

Castellon argues that the Third Circuit's rejection of individual liability under Title VII and the ADA should be treated as persuasive authority regarding the meaning of the DDEA and DEPA.  The Court agrees.

The Delaware Supreme Court has stated that federal court interpretations of Title VII of the Civil Rights Act are persuasive authority regarding the meaning of the DDEA.  *See Giles v. Family Court of the State of Delaware*, 411 A.2d 599, 601-02 (Del. 1980).  The Delaware courts have elaborated that, because the DDEA is modeled on Title VII and contains virtually identical language, the Delaware courts "take the 'interpretive lead' from [federal] decisions regarding interpretations of Title VII." *Ennis v. Del. Transit. Corp.*, 2015 WL 1542151, at *5 (Del. Super.

9

Mar. 9, 2015) (internal quotation marks omitted). Based on the same reasoning, the Court predicts that the Delaware Supreme Court would treat federal courts' interpretations of Title I of the ADA as persuasive authority regarding the meaning of the DEPA, which contains substantially similar language to the ADA.

In the Third Circuit, an individual cannot be liable for violations of either Title VII of the Civil Rights Act or Title I of the ADA. *See, e.g., Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (Title VII); *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (suggesting in dicta that "individuals are not liable under Titles I and II of the ADA"). Thus, the Court believes the Delaware Supreme Court would conclude that an individual cannot be liable for violations of the DDEA or DEPA. The Court perceives no basis to predict that the Delaware Supreme Court would be persuaded by Sapienza's contention that there is an exception in these statutes for owners of closely-held corporations. (*See* D.I. 15-1 at 13-14)

Accordingly, the Court will dismiss Sapienza's DDEA and DEPA claims against Castellon.

## IV.   CONCLUSION

The Court finds that Sapienza's Title VII, ADA, and emotional distress claims are barred by applicable statutes of limitations. The Court further finds that Sapienza cannot maintain DDEA and DEPA claims against Castellon in his individual capacity. Therefore, all of her claims against Castellon must be dismissed pursuant to F.R.C.P. 12(b)(6).

An appropriate Order follows.

10